# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| Keyon Bowman, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | C.A. No.: 0:08-2517-PMD-PJG |
| v. | ) | |
| | ) | |
| Jon Ozmint, | ) | **ORDER** |
| South Carolina Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Keyon Bowman's ("Plaintiff") Objections to the Report and Recommendation ("R&R") of a United States Magistrate Judge. Plaintiff originally filed this action pursuant to 42 U.S.C. § 1983 on May 19, 2008 alleging that the Defendants violated his constitutional rights by failing to protect him from being stabbed in the eye by another inmate and by displaying deliberate indifference to his medical needs.

On October 20, 2008, Defendants filed a Motion for Summary Judgment. As Plaintiff is proceeding *pro se*, the court advised him on October 21, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), that if he failed to respond to Defendants' motion, a dismissal of his complaint could result. Following an order granting Plaintiff's motion for an extension of time and an order giving Plaintiff an additional fifteen days to respond to the court's *Roseboro* order, Plaintiff filed a response to the Defendant's motion for summary judgment. On June 16, 2009, Plaintiff filed a cross motion for summary judgment. The Defendants filed a response in opposition, to which Plaintiff filed a reply. The matter was referred to a United States Magistrate Judge, who issued a Report and Recommendation ("R&R") recommending that Defendants' motion for summary judgment be granted and Plaintiff's motion for summary judgment be dismissed. Plaintiff filed Objections to the Report and Recommendation on August 10, 2009.

Having reviewed the entire record, including Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

**A.  Facts**

Plaintiff is currently serving a thirty (30) year sentence for armed robbery at Lee Correctional Institution ("Lee").  On May 10, 2006, Plaintiff, while house at Kirkland Correctional Institution ("Kirkland"), was in a line with other inmates being escorted through the cafeteria when Plaintiff came out of line bleeding from his right eye and top of the head. (Latta Aff. at 1). Plaintiff stated that he had been assaulted by an unknown party. (*Id.*). Plaintiff was escorted by two officers to the Kirkland medical clinic where he was seen and treated by two nurses. (*Id.*; Medical Summary & Records at 3-11, 19). Plaintiff was then transported via EMS to Palmetto Richland Memorial Hospital where he was released after receiving stitches to his right eyelid, given a prescription for ibuprofen, and given instructions to put ice on his face. (Medical Summary at 10, 20). On May 11, 2006, staff at Kirkland medical annex examined Plaintiff. (Medical Summary at 8-10).

On July 3, 2006, Plaintiff was transferred to Lee. (Kenealy Aff. at 1, 3). On August 8, 2006, Plaintiff went to the Lee medical clinic for complaints of blurred vision and light sensitivity with accompanying headaches. (Medical Summary at 7-8). The medical records indicate that there was no tearing or redness of his right eye and that the Lee medical staff gave Plaintiff a pain reliever for tension headaches. (*Id.*). On August 29, 2006, Plaintiff went to the Lee medical clinic for complaints of blurred vision in his right eye. (*Id.*) The medical staff checked Plaintiff's vision and referred Plaintiff to Dr. John Pate's ("Dr. Pate") clinic. (*Id.*). Dr.

Pate is a certified family practitioner and contract physician with the South Carolina Department of Corrections. (*Id.*; Pate Aff.). On September 7, 2006, Dr. Pate examined Plaintiff and performed a non-dilated eye exam and vision test. (Pate Aff.). Dr. Pate noted a possible fundal scar in his right eye with a slight droop to the right eyelid. (*Id.*). Dr. Pate ordered a vision test and noted that there was a mild decrease in vision to Plaintiff's right eye. (*Id.*). Dr. Pate referred Plaintiff to an ophthalmologist. (*Id.*). On September 27, 2006, an ophthalmologist examined Plaintiff and noted that both the sclera and anterior chamber of Plaintiff's right eye were clear. (*Id.*). The ophthalmologist noted that the exam was normal and no follow up was ordered. (*Id.*).

On June 19, 2007, Plaintiff again complained of headaches, dizziness, and nausea to the Lee medical clinic and Plaintiff was scheduled to see an optometrist. (Medical Summary at 5-6). On October 2, 2007, an optometrist examined Plaintiff and noted that the Plaintiff's eyesight was within normal limits ("WNL"). (*Id.* at 13; Pate Aff. at 2). Although according to his medical summary Plaintiff has continued to complain of vision problems (Medical Summary at 3-4); however, the Defendants contend that there is no medical evidence to support his complaints. (Pate Aff. at 2).

**B.**     **Plaintiff's Motion for Summary Judgment**

In his motion for summary judgment, Plaintiff does not assert grounds for why summary judgment is appropriate in his case, but only states that "this case deserves to be decided upon the facts and proper judgment is so required to grant this plaintiff monetary relief." Plaintiff also attaches his original complaint. In his complaint, Plaintiff claims that Defendants are liable under the South Carolina Tort Claims Act and under the Eighth Amendment for gross negligence, failure to protect, denial of adequate medical treatment, and denial of access to care. Plaintiff claims that the prison guards failed to intervene in the attack in the cafeteria and failed

to provide adequate security. Plaintiff also claims that medical staff failed to perform an ordered follow up. Plaintiff asserts in his complaint that he was denied access to "health care staff qualified to address and treat his injuries." Plaintiff's complaint also states that the prison guards were not properly trained to prevent and intervene in such an attack. The complaint does not state what role the South Carolina Department of Corrections ("SCDC") or Jon Ozmint had with respect to Plaintiff's claims; however, Plaintiff's response to Defendant's motion for summary judgment clarifies that Plaintiff claims that Jon Ozmit, as Director of SCDC, should be liable for failing to adequately train his staff and for his supervisory role over SCDC officials.

C. **Defendants' Motion for Summary Judgment**

Defendants claim that they are entitled to either dismissal under 12(b)(6) for failure to state a claim or are entitled to summary judgment. Defendants claim that Plaintiff fails to allege any specific fact, act, or omission on the part of Defendant Ozmint. In addition, Defendants claim that to the extent Plaintiff asserts claims against SCDC, a South Carolina agency, or Jon Ozmint, in his official capacity, those claims are barred by the Eleventh Amendment. With respect to any claims against Jon Ozmint in his personal capacity, Defendants allege that Plaintiff fails to show that Defendant Ozmint knew of any risk to the Plaintiff and that, therefore, Defendant cannot be liable under a theory of deliberate indifference as to Defendant's duty to protect or intervene in Plaintiff's attack. With respect to Plaintiff's medical care, Defendants allege that Plaintiff has failed to show any deliberate indifference to his medical needs. Defendants also state that *respondeat superior* is not applicable in § 1983 claims, and that Defendant Ozmint is entitled to qualified immunity for claims brought against him in his individual capacity. Finally, as to Plaintiff's South Carolina claims, Defendants assert that they are barred by the two-year statute of limitations under the South Carolina Tort Claims Act.

# STANDARD OF REVIEW

A.  **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

B.  **Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

## ANALYSIS

A.  **Defendants' Immunity from Suit**

The Magistrate Judge concludes that the South Carolina Department of Corrections ("SCDC"), as an agency and arm of the State of South Carolina, and Defendant Ozmint, in his official capacity as the Director of SCDC, are both protected by the doctrine of sovereign immunity and are not "persons" under § 1983. Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. The Supreme Court has held that state agencies, divisions, departments, and officials are not "persons" under § 1983 and are entitled to Eleventh Amendment immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 85, 70-71 (1989). Although a state may waive sovereign immunity, *Lapides v. Board of Regents*, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. *See* S.C. Code Ann. § 15-78-20(e).

Plaintiff does not object to the Magistrate's finding with respect to immunity for the SCDC and Defendant Ozmint in his official capacity. The court agrees with the Magistrate Judge's finding on this issue and adopts and incorporates the R&R's analysis of this issue into this Order.

B.  **Supervisory Liability**

Plaintiff alleges that Defendant Ozmint should be held liable for the attack based on his position as supervisor over all SCDC officials. Plaintiff claims that the prison officials were not properly trained to prevent such attacks and were not properly trained to intervene when such attacks occur. The Magistrate judge found that "there is no evidence, nor even any allegation, that this defendant [Ozmint] had anything to do with the events surrounding Bowman's [Plaintiff] alleged injuries. Rather, the record shows that Ozmint has solely been named as a

defendant because, as Director of SCDC, he had overall supervisory authority for SCDC." Based on these findings, the Magistrate Judge found that Ozmint could not be held liable under a theory of supervisory liability.

Plaintiff objects to the Magistrate Judge's finding on this issue and states that "supervisory liability does exist." To support this claim, Plaintiff argues that "Jon Ozmint as director of SCDC failed to ensure that his employee's were trained, as well as acting in the proper capacity for the Department of Corrections. . . . [w]hich is his duty as the guiding supervisor for the South Carolina Department of Corrections. Therefore, he should be held responsible to some degree." Plaintiff claims that the guards were not following proper procedures in walking Plaintiff as a new inmate through general population. Plaintiff also claims that the guards should have done a better job of preventing attacks and preventing inmates from having access to weapons.

The court finds the Plaintiff's objections to be meritless. Supervisory liability may not be based on *respondeat superior* but only on the supervisor's own wrongful acts or omissions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). The Supreme Court has yet to formulate a test for supervisory liability; however, the Fourth Circuit has set out a three-part test in *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). A plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed an unreasonable risk of constitutional injury to Plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Id.*

7

Plaintiff does not allege any facts to suggest that Defendant Jon Ozmint had actual or constructive knowledge of Plaintiff's attack or medical treatment. Plaintiff only states that as a supervisor, Defendant Ozmint has a duty to provide for the general safety of SCDC's inmates, has a general duty to prevent attacks on inmates by fellow inmates, and has a duty to train SCDC officials to prevent such attacks. Plaintiff's claims are not sufficient to establish any of the elements necessary to prove supervisory liability under the Fourth Circuit's test. In addition, as discussed below, there is not "a constitutional injury inflicted by a subordinate" to even underlie such a supervisory liability claim.

C.  **Failure to Protect**

Plaintiff alleges that Jon Ozmint as director of SCDC and the prison guards should have protected Plaintiff from such an attack. Plaintiff argues that SCDC officials should have prevented the attacker from having access to a weapon and should have prevented an attack from occurring in SCDC officials' presence. The Magistrate Judge found that Plaintiff has failed to establish a "failure to protect" claim under the Eighth Amendment because Plaintiff cannot show that the prison officials were deliberately indifferent to Plaintiff's health and safety. Plaintiff objects to the Magistrate Judge's finding and states that an attack should not be able to occur in front of the officers and that the SCDC officers should have prevented this attack from taking place.

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*¸ 511 U.S. 825, 832 (1994). However, not every injury suffered by one inmate at the hands of other inmates constitutes liability for the prison officials responsible for the victim's safety. *Id.* at 835. A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate

violates the Eighth Amendment. *Id.* at 828. "[A] prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. The test is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregard that risk. "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837. Further, the Eighth Amendment is not violated by the negligent failure to protect inmates from violence. *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

Plaintiff fails to state facts sufficient to establish a claim for failure to protect under the test as described above. Plaintiff does not present any evidence to show that the defendants named in his Complaint knew of a specific risk of harm to Plaintiff and consciously disregarded that risk. Plaintiff states in his objections that "it is unfathomable to even consider how an inmate can assault another inmate while being escorted by two officers . . . which lends one to believe that said officers knew about the assault, or were told to let assault take place." Besides this conclusory statement, Plaintiff offers no evidence that demonstrates in any way that Ozmint or any SCDC official knew of the attack or knew of any facts from which such an inference could be drawn. Therefore, Plaintiff has failed to make a showing sufficient to establish the existence of a failure to protect claim under the Eighth Amendment.

D.  **Medical Treatment**

Plaintiff claims that he was denied adequate medical treatment. To support this claim, Plaintiff alleges that prison officials failed to perform an ordered follow up. Plaintiff claims that he was denied access to health care staff qualified to address and treat his injuries. Further, Plaintiff claims that he has filled out numerous inmate requests to medical staff with complaints

of the injury to his eye and the pain and suffering and that nothing is being done as far as treatment to ease the pain and suffering. Finally, Plaintiff claims that "as a result of not being treated as ordered Plaintiff is suffering dizziness, blurred vision, migraine headaches, sensitivity to light, nauseousness, and pure anguish, stress and pain and suffering from the wound to his right eye." With respect to his medical treatment, Plaintiff makes no claims that Defendant Ozmint knew of Plaintiff's attacks, injuries, or medical treatment.

The Magistrate judge held that Plaintiff has provided no evidence to support a claim for deliberate indifference to medical needs. The Magistrate found that deliberate indifference by prison personnel to a prisoner's medical needs is actionable under § 1983 pursuant to the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104-104 (1976). A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under the Eighth Amendment. *Estelle*, 429 U.S. 97.

The Magistrate Judge noted that Plaintiff was treated by various medical staff on numerous occasions. Furthermore, immediately following the May 10, 2006 incident, Plaintiff was sent to the hospital for treatment. In addition, Plaintiff was seen by a family practitioner, an ophthalmologist, and an optometrist. The ophthalmologist noted that "the sclera and the anterior chamber were both clear" and that the examination was normal. (Pate Aff. at 2; Medical Records at 15). Additionally, following complaints on June 19, 2007, Plaintiff was scheduled to be seen by an optometrist, who upon examination on October 2, 2007 noted that Plaintiff's

eyesight was "WNL," or within normal limits. (*Id.*). The Magistrate Judge held that Plaintiff's dissatisfaction with the treatment he received is insufficient, standing alone, to support an Eighth Amendment claim of deliberate indifference.

Plaintiff objects to the Magistrate Judge's finding with respect to his medical treatment claim. He states that "Dr. Pate's failure to mention the name of the ophthalmologist [Plaintiff] allegedly saw on 9/27/06 gives rise to plaintiff [sic] claim of unproper [sic] treatment." In his objections, Plaintiff seems to be questioning how Dr. Pate could have noted a possible fundal scar while the ophthalmologist found that his eye sight was clear of any scar and was normal. Plaintiff also states in his objections that "if he was allowed to visit a specialist there would've been a (50) fifty-percent chance of him having his vision restored to its natural state . . . but, because of the reluctance of the Department of Corrections in their attempt to cut cost of medical service for inmates, denied Plaintiff a chance to receive quality treatment."

The court finds Plaintiff's objections to be meritless. The court finds that Plaintiff has not provided any evidence that would support a claim for deliberate indifference to medical care. As noted by the Magistrate Judge, Plaintiff was seen by numerous medical personnel including eye specialists. In addition, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle,* 429 U.S. at 107. Plaintiff alleges that follow-up treatment was ordered but that it was never completed; however, a review of Plaintiff's medical records and of Dr. Pate's affidavit does not support Plaintiff's claim. However, most importantly, Plaintiff offers no evidence that Defendant Ozmint knew of Plaintiff's attacks, injuries, or medical treatment. As noted above, to establish an Eighth Amendment claim for inadequate medical treatment, the plaintiff must establish that defendant was deliberately indifferent to his serious

medical needs. In this case, Plaintiff fails to establish any facts that show that Defendant Ozmint was even aware of his medical needs or that he disregarded Plaintiff's medical need. In addition, Plaintiff offers no evidence that would show that his medical treatment was "so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier*, 896 F.2d at 851. Thus, the court agrees with the Magistrate's R&R that Plaintiff has failed to make a showing sufficient to establish an Eighth Amendment claim for inadequate medical treatment.

**E.     State Law Claims**

Plaintiff appears to assert claims under South Carolina law. Any such claims are based on state law and premised on supplemental jurisdiction. Because the court grants Defendants' motion for summary judgment on all of Plaintiff's claims for which it has original jurisdiction, the court also dismisses any additional claims for relief under state law for lack of jurisdiction. 28 U.S.C. § 1367(c)(4).

**CONCLUSION**

For the foregoing reasons, the court agrees with the Magistrate Judge's Report and Recommendation that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's Motion for Summary Judgment be **DISMISSED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**September 22, 2009**
**Charleston, SC**

NOTICE OF APPEAL
Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.